Rogers against the Commissioner of Internal Revenue is the next case. Good morning, Mr. Rogers. Yes, Your Honor. I'm here for Petitioner Francis Rogers. This is an innocent spouse case. There's two issues. One is that the court held that Mrs. Rogers was not available for innocent spouse because she had meaningfully participated in a trial on the merits of the underlying tax. We believe that that ruling is clearly erroneous and that she did not participate in the, meaningfully participate in the underlying case. First, she had no knowledge at that time that there was such a thing as innocent spouse rights in which she could participate and file a claim. She learned that a year or two after the underlying case and immediately once she became aware of her rights, she filed claims for this year and for other years. She did none of the usual activities in the case law identifying meaningful participation. She didn't sign any documents. She was not deposed. She did not meet with any revenue agents or at any level of authority. She had no knowledge of the trial documents. At the trial of the case, her attorney went through with her each of the documents in the underlying case and she stated that she had never seen those before. Her first time seeing them was at the innocent spouse trial. The only thing she did was sit at the party's table and say nothing. She didn't testify, just did nothing. Thirdly, the IRS has put out proposed regulations which we believe cover this situation. There are examples five and seven in proposed regulation 6015-1E. It's in our brief at page 16. They're recited verbatim. In example number five, which is perhaps closest to our case, the wife signed the petition. Mrs. Rogers did not sign the petition. The wife signed the decision document. Mrs. Rogers did not sign the decision document. Relief was never raised as in our case. There was no trial. The wife couldn't just sit at the party's table and do nothing. I believe that regulation seven is entitled to deference and that even though it's a proposed regulation, it's the best thinking of the IRS available at this time. It means it governs the case and Mrs. Rogers should not be denied innocent spouse relief even filing a claim because she meaningfully participated in the tax court litigation. The second issue is if the court decides, agrees with us that there was no re judicata, that there was no denial of access to filing a claim, then we recommend or we believe that the Resser case from this seventh circuit governs the outcome. And there are two kinds of cases. Unreported income and disallowed deductions. It's our position that this is a disallowed deduction case and that is special because it's a relaxed standard under the seventh circuit rules in favor of the petitioner. There's no disagreement that a joint return was filed. The understatement was due to business operations of the husband and at the back of the actual decision on the merits in the lower, in the first case on the merits, the court lays out the disallowed deductions and they all relate to the husband's business. And they aren't like phony tax shelter deductions or something along that line. They're just garden variety itemized deductions for travel, for insurance, publications, things of that ilk. And the court just felt that the substantiation for those deductions was lacking. It's very hard to substantiate travel expenses, meals and entertainment. And that was the sole source of the deficiency in the case. There was no reason for Mrs. Rogers to know anything about those deductions. I will just wait for my rebuttal, Your Honor. Thank you, Mr. Rogers. Ms. Wolitzer. Thank you. Thank you, Your Honor. May it please the Court, I'm Rachel Wolitzer on behalf of the Appellee, the Commissioner of Internal Revenue. I'd like to clarify a couple of things. First of all, the merits of the taxpayer's entitlement to innocent spouse relief are not an issue here. The tax court did not reach that issue and therefore there were no findings of fact made on that issue and there would be nothing to review. Francis Rogers holds numerous advanced degrees, including a law degree. She owned and participated in family property and businesses. She shared in managing family finances and she reviewed and discussed with her husband their joint tax returns. In 2009, she took over the management of his law office when he was on an extended absence. During the 2012 trial of the 2004 deficiency case, she sat at a council table with her husband and listened to the testimony. She was represented by her husband, an experienced tax attorney. She had previously attended tax court trials involving other taxiers and related entities. The tax court correctly found, based on the totality of these and other circumstances... Mr. Rogers' reply brief asserts that the tax court should not have allowed him to represent his wife. He does not cite any authority for that proposition. Do you know of any rules or decisions in the tax court about whether spouses may represent each other? They frequently do, Your Honor, in tax court. I'm asking about rules. No, I don't, Your Honor. No rules? Do you know of any judicial authority by the tax court? I looked into that, Your Honor, and I could not find anything. And, in fact, she is continuing to have her husband represent her today in this argument. Never raised any conflict issue. And there was a discussion in the 2003 deficiency case of any possible conflict. And the court, the tax court, was satisfied that there was no conflict, which she's in any case waived. Can I ask you a related question? Yes, of course. In Mr. Rogers' reply brief, there's a mention to, is it Judge Gecki or Gerkey, rescheduling some other matters in other tax proceedings so that Mrs. Rogers could have a different attorney representer? Yes. Do you know anything about that course of action or the circumstances surrounding those rulings? Well, apparently the court did, the taxpayer did raise the issue in that case that she wanted separate counsel. She requested separate counsel. The tax court granted her separate counsel. But she's never requested separate counsel in this case. She didn't request it in… And you don't know of any ruling in that case on any conflict of interest or any such thing? I believe there were orders by the tax court, but they just referred to the transcript, which I wasn't able to obtain in this sort of amount. Well, I didn't feel it was necessary because the waiver is so, the absence of a waiver, or the waiver in this case is so clear. Meaningful participation is a question of fact. The taxpayer had the burden to prove that she did not participate meaningfully in the 2012 trial of the 2004 deficiency case. Meaningful participation is not defined in the statute, regulations, or legislative history. Again, the proposed regulations cited by the taxpayer are just that, proposed regulations. They're not final. They haven't been approved. But in any event, they do not assist the taxpayer because in the examples that she cites, again, there was no trial. There was no settlement. So unlike here, the taxpayer did not have an opportunity to actually be present at the trial and raise any issues, have her day in court, raise any issues she wanted to raise. Here, the taxpayer did have her day in court. She attended the trial. She was represented by counsel. And she did not inquire about her liability, inquire about innocent spouse. And it's a completely different situation from a settlement. There's an example eight in the proposed regs, which is much more like our case, where the taxpayer did attend the trial and was held to have meaningfully participated. So attendance at the trial is an important factor. In Hague, the Court of Appeals for the First Circuit stated that meaningful participation is determined by looking to the totality of the facts and circumstances. And this is important because even though our brief identified a number of factors that the tax court looked at, the tax court really looks at all the factors combined and not any single factor. So it is true that exercising control over the proceeding and signing court documents are factors that have been identified by the courts in determining meaningful participation and that those factors are not present here. But the key factor that the tax court relied on is whether the requesting spouse had the opportunity to raise a claim for innocent spouse relief in the prior proceeding. This is demonstrated by the taxpayer's attendance at the trial and her being represented by counsel. The tax court correctly found, based on the circumstances at the time of the February 12th trial, as the tax court found, taxpayer was highly educated at the time of the trial. She has a law degree from Villanova, she's a member of the Chicago Bar, she has an MBA, a doctorate, and a master's. She's taken corporate and personal income tax, income tax accounting, advanced tax accounting, and other business and finance classes. She owns substantial assets. She had substantial business experience at the time of the 2012 trial. She had jointly managed family finances, property, and business with her husband. And taxpayer and her husband, who has represented her, have a very close relationship, in the words of the tax court, and in her own words, have a very good marriage. So this demonstrates that there would have been no concealment or inadequate representation by her husband in these proceedings. They reviewed their tax returns together, and the taxpayer's husband answered any questions that the taxpayer had. And when... Who testified that they had gone over their tax returns? She did, Your Honor. Yes, she admitted that she had gone over the tax returns. Although, surprisingly, on her innocent spouse claim, which was signed under a penalty of perjury, she stated that she did not review her returns before they were filed, even though she testified later that she did review and discuss the returns. And it's these type of inconsistencies that the tax court relied on in determining that taxpayers' claims of ignorance were not credible. On her innocent spouse claim, she also stated she was not involved in handling money for the household, but she failed to object to the commissioner's finding of fact that she deposited funds in bank accounts and paid bills. The most glaring example that the tax court relied on of taxpayers' lack of credibility is where she stated on her innocent spouse claim, I did not understand how to read a credit card or bank statement until my husband was suddenly hospitalized from growing depression in 2009 when I was immediately faced with these matters. In view of taxpayers' education and financial and business experience, this was wholly implausible as found by the tax court. The tax court may have expressed findings about the lack of credibility of the taxpayer concerning the extent of her ignorance. In the appendix at page 109, the tax court found taxpayers' testimony about the extent of her ignorance is not credible. On page 111 of the appendix, the tax court stated we do not find it credible the petitioner was unaware of the legal implications of being a named party in the 2004 deficiency case. The taxpayer citation of this court's rest or decision is misplaced because it was a merits decision. It was decided on the merits of the innocent spouse issue and not on the basis of race judicata in 6015 G2. And therefore, in the event of a dismissal, in the event of a reversal, which we request, and our position is it is very unlikely, this case should be remanded to make the fact-intensive determination of whether taxpayer is entitled to innocent spouse relief under section 6015 B or F. Thank you, counsel. Anything further, Mr. Rogers? Yes, your honor. Maybe I'm wrong, but in the very last, should be the very last page of plaintiff's petitioner's brief, we have the order and decision of the tax court. And in it, it says, ordered and decided that petitioner is not entitled to relief from joint and several liability under section 6015 B or F for taxable year 2004. And then we get into being barred from innocent spouse relief under 6015 G2. So I believe it puts both the merits and the 6015 G2 issue at issue. It may be that the merits issue could be considered moved, but it's right in the order. So if we had a remand, we'd be going back to what may be considered a prejudiced court who thinks she's already considered all the facts and circumstances and has made a decision. There's a rule 3.7 about a lawyer being a witness, and the tax court judge was concerned about that. But what's unfair here is that her lawyer had to agree that he would not call himself as a witness, and the government decided they weren't going to call him as a witness, so the tax court had no problem going forward. It's just having gone through the experience in reflection, it's prejudicial because we don't know what the lawyer would have said. I know, but I don't think I'm available to testify. But it certainly wouldn't have been prejudicial to her case. And I believe the Hague case requires some scrutiny because I believe although there was attendance at court, I don't know that it was anything that was material to the result in the case. If we did have a remand, I would request that the court order the tax court to follow the Golsan rule and adopt the Resser case as the governing law in this case. Thank you, Your Honor. Thank you. The case is taken under advisement.